IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**TIFFANY R. HETNER,**            CASE NO. 3:25 CV 2112

    Plaintiff,

    v.                                                    JUDGE JAMES R. KNEPP II

**JASON W. ISLEY,**

    Defendant.                               **ORDER OF REMAND**

      Plaintiff Tiffany R. Hetner, on behalf of herself and her minor child, filed this action in the Lucas County Court of Common Pleas. *See* Doc. 1-1. As alleged in her First Amended Complaint, Plaintiff's claims arise out of a September 10, 2024, automobile collision with Defendant Jason W. Isley. *See id.* at 34. Plaintiff also sued her automobile insurance company, Grange Insurance Company ("Grange"), and the administrator of her health insurance policy, Comprehensive Benefits Administrator ("Comprehensive Benefits"), LLC. *See id.* at 34-35. Against Isley, Plaintiff brings negligence and loss of consortium claims seeking monetary damages. *Id.* at 36-38, 41. Against Grange, Plaintiff brings a claim for uninsured/underinsured motorist coverage and seeks a declaratory judgment that she is entitled to coverage. *Id.* at 38, 41. Against Comprehensive Benefits, Plaintiff brings claims for breach of contract and bad faith and seeks a declaratory judgment that she is entitled to coverage under the policy, as well as punitive damages. *Id.* at 40-41.

      Defendant Comprehensive Benefits filed a Notice of Removal because the claim asserted against it arises out of an employee benefit plan governed by the federal Employee Retirement Income Security Act ("ERISA"), citing 28 U.S.C. § 1441(c)(1). *See* Doc. 1, at 1. It asserted,

however, that the state law claims were not within the Court's original or supplemental jurisdiction because they do not share a common nucleus of operative fact with the ERISA claim. *Id.* at 3. Comprehensive Benefits requested that this Court: "(1) retain jurisdiction over the ERISA Claims asserted against [Comprehensive Benefits], (2) sever and remand all State Law Claims, and (3) grant any further relief the Court deems necessary and proper." *Id.* at 5.

The statute governing removal of civil actions provides, *inter alia*:

**(c) Joinder of Federal law claims and State law claims.--(1)** If a civil action includes--

**(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

**(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

**(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

28 U.S.C. § 1441(c).

Following removal, Plaintiff dismissed without prejudice her claims against Defendants Comprehensive Benefits Administrator, LLC and Grange Insurance Company. *See* Docs. 5-8. The only remaining Defendant in this case is Isley. And the only remaining claims are Plaintiff's loss of consortium and negligence claims against Isley. Pursuant to 28 U.S.C. § 1441(c)(2), these claims must be remanded to state court.[1]

---

1. Both Plaintiff and Isley are Ohio residents. (Doc. 1-1, at 34). Thus, this Court also does not have original jurisdiction based on diversity over the purely state law claims remaining in this case.

For the foregoing reasons, good cause appearing, it is

ORDERED that this case be, and the same hereby is, REMANDED to the Lucas County Court of Common Pleas.

      s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: November 24, 2025